PUERTO RICO PAPER BAG COMPANY, Plaintiff and Appellant, v. R. SANCHO BONET, TREASURER OF PUERTO RICO, ETC., ET AL., Defendants and Appellees.

No. 7672.   Argued April 7, 1938.—Decided July 30, 1938.

R. Rivera Zayas and Joaquín Velilla for appellant.   B. Fernández García, Attorney General, and V. Palés Matos, Deputy Attorney General, for appellees.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

The plaintiff is a corporation organized under the laws of Puerto Rico and is engaged in "importing and exporting, buying and selling, cutting and packing wrapping-paper for commercial use, and manufacturing and exporting, buying and selling paper bags for every commercial use, as well as

importing and exporting paper for making paper bags, manufacturing wrapping-paper and paper bags.''

Relying on subdivision 11 of section 83 of Act No. 83, approved May 6, 1931 (Session Laws, p. 504), the plaintiff petitioned the district court for a declaratory judgment or decree construing the above section, and settling the discrepancy between the contentions of the said corporations and of the Treasurer, respectively, as to whether or not the aforesaid articles are covered by the terms of said subdivision 11 of section 83 of Act No. 83 of 1931.

In a judgment rendered on November 26, 1937, it was held that they were not so covered and, therefore, that the plaintiff was bound to pay a 2 per cent tax on the articles manufactured or sold by it in Puerto Rico. It was further declared that the construction of the Treasurer upon said section was correct. Thereupon the plaintiff appealed, and it has assigned in its brief as an only error the lower court's declaration that the plaintiff had to pay a 2 per cent excise tax imposed by sections 16a and 62 of the Internal Revenue Act, in contravention of subdivision 11 of section 83 of the same act.

Subdivision 11 of section 83 of the said act textually reads as follows:

''. . . . *Provided, further,* That the tax prescribed by sections 62 and 16 *a,* of this Act shall not attach to:

''*        *        *        *        *        *        *

''11. The sale, use or consumption of articles imported into, or manufactured in, the country, used for containers or in the presentation or preparation of products for sale or export, provided said articles pass with the product to the possession of the buyer.''

In construing it the lower court in its opinion said:

''The whole case hinges upon the construction of subdivision 11 of section 83 of the Internal Revenue Act. The plaintiff, according to the stipulation, is engaged in 'importing and exporting, buying and selling, cutting and packing wrapping-paper for commercial use, and manufacturing and exporting, buying and selling paper bags for

every commercial use, as well as importing and exporting paper for making paper bags, manufacturing wrapping-paper and paper bags.' So that, according to the plain terms of the stipulation, the plaintiff deals in paper and paper bags. This is the line in which it deals. It sells nothing else. It is its contention that as such articles when sold are passed to the consumer with the thing wrapped in them, the plaintiff is not bound to pay the 2 per cent *ad valorem* tax on its sales as required by law.

"In our judgment, this is a clear case of *lex scripta.* Where the container has a commercial purpose and passes on with the article to the consumer or purchaser, it is not then subject to the payment of the excise tax; otherwise it is. That is, where articles are manufactured by a person to be sold to somebody else who uses them as containers, then the legal provision is clearly applicable, since such articles are the object of commerce in themselves. For example: a person who sells men's clothing imports a lot of carboard boxes with the name of his firm printed thereon, to be used as containers of the clothes sold by him. The boxes pass on to the purchaser with each suit that is sold. Such containers are not subject to the excise tax because they have a commercial purpose, viz., to advertise the seller's wares and, besides, to serve as wrappers of the articles sold. On the contrary, if the merchant imports boxes, without any label, advertisement or mark whatever, and sells such boxes to persons whose business require their use as containers or wrappers for the articles sold by them, then as they are sold empty they have no commercial purpose and are subject to the tax as required by law, because the article is in itself the object of commerce. The person exempt from the payment of the tax is the merchant who buys them to be used as wrappers or containers, and it is for the latter's benefit that there has been inserted the second paragraph of section 38 of the Regulations, whose interpretation seems to have given rise to this appeal. The position of the plaintiff is clear and so is the position of the defendant. We do not think that the construction of the law by the Treasurer renders it unconstitutional or would give rise to a multiplicity of suits. The meaning of the words: 'provided said articles pass with the product to the possession of the buyer,' which appear in subdivision 11 of section 83 of the Law, is illustrated by the example which we have just given and which requires no further elucidation."

We fully agree with the above opinion. The law exempts from the payment of the excise tax such articles as "pass

with the product to the possession of the buyer," but not those manufactured by the plaintiff, which are in themselves independent objects of commerce.

For the foregoing reasons the judgment appealed from must be affirmed.

Mr. Justice De Jesús took no part in the decision of this case.